UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY L. GRAHAM,<br><br>    Plaintiff,<br><br> v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 12-00425-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER PROCEEDINGS |

**PROCEEDINGS**

On January 26, 2012, Johnny L. Graham ("Plaintiff or Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income ("SSI") disability benefits. The Commissioner filed an Answer on April 26, 2012. On July 31, 2012, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be reversed and the case remanded for further proceedings in accordance with this Memorandum Opinion and Order and with law.

## BACKGROUND

Plaintiff is a 23 year old male who applied for Supplemental Security Income benefits on February 17, 2009, alleging disability beginning December 30, 1988. (AR 9.) Plaintiff has not engaged in substantial gainful activity since February 17, 2009, the date of the application. (AR 11.)

Plaintiff's claims were denied initially on July 30, 2009. (AR 9.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Edward C. Graham on August 26, 2010, in Long Beach, California. (AR 9.) Claimant appeared and testified at the hearing, and was represented by counsel. (AR 9.) Vocational expert ("VE") Alan E. Cummings, Ph.D., also appeared at the hearing. (AR 9.) The ALJ issued an unfavorable decision on September 17, 2010. (AR 9-16.) The Appeals Council denied review on December 15, 2011. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly considered the June 8, 2009, opinions of Dr. Jeannette K. Townsend, Ph.D. (AR 194-198.)

2. Whether the ALJ properly considered Plaintiff's credibility.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

2

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v.

Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since February 17, 2009, the application date. (AR 11.)

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: depressive disorder with anxiety, psychotic disorder with auditory hallucinations by history, and borderline intellectual functioning. (AR 11.)

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

4

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 11.)

The ALJ then found that the Plaintiff had the RFC to perform a full range of work at all exertional levels but with mild-to-moderate limitations in understanding and remembering tasks, sustaining concentration and persistence, socially interacting with the general public, and adapting to workplace changes. (AR 11.) In determining this RFC, the ALJ also made an adverse credibility determination. (AR 14-15.)

At step four, the ALJ found that Plaintiff has no past relevant work. (AR 15.) The ALJ, however, found that considering Claimant's age, education, work experience, and RFC, there were unskilled jobs existing in significant numbers in the national economy that Plaintiff can perform, including janitor, dishwasher, packager, and assembler. (AR 15.)

Consequently, the ALJ concluded that Claimant is not disabled within the meaning of the Social Security Act. (AR 16.)

## DISCUSSION

The ALJ decision must be reversed. The ALJ improperly rejected the opinions of Dr. Townsend and improperly rejected the Plaintiff's credibility. The ALJ's RFC is not supported by substantial evidence nor free of legal error.

**I.      THE ALJ'S RFC IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE**

Both issues raised by Plaintiff concern the ALJ's RFC. An RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the evidence, including medical evidence, lay witness and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all the relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 466 F.3d at 883.

## A. The ALJ Improperly Rejected The Opinions Of Dr. Townsend

The ALJ decision purportedly gave great weight to the consulting psychological evaluation of Dr. Jeanette Townsend. (AR 14.) Indeed, the ALJ accepted Dr. Townsend's diagnoses that Plaintiff had the severe mental impairments of depressive disorder with anxiety, psychotic disorder with auditory hallucinations by history, and borderline intellectual functioning. (AR 11, 13, 198.) Plaintiff, however, contends that the ALJ failed to address all of Dr. Townsend's opinions and implicitly rejected some of her opinions without setting forth specific, legitimate reasons for doing so. The Court agrees.

### 1. Relevant Federal Law

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner

6

may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence of record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

    2.  Analysis

  Dr. Townsend in a June 28, 2009, report observed that Plaintiff has a learning disability and was in special education in school. (AR 194.) He was diagnosed with ADHD as a child, Dr. Townsend found him depressed, and Plaintiff reported auditory hallucinations. (AR 194.) She noted Plaintiff has no outpatient medical treatment because he does not have insurance and once took Abilify but was not taking medication at the time of the evaluation. (AR 195.)

  The ALJ gave Dr. Townsend's evaluation "greater weight" because it was supported by psychological test results. (AR 14.) Based on the test results, Dr. Townsend found that Plaintiff's intellectual functioning was in the borderline range. Dr. Townsend also found that he does not get along well with family and friends. (AR 196.)

  Based on her evaluation and testing, Dr. Townsend provided the medical source statement below. The underlined sentences are opinions that the ALJ did not discuss in his decision:

> The claimant is reported to have been in special day classes in elementary school. He is able to understand simple and detailed instructions. He would not understand complex instructions. The claimant has the cognitive ability to learn simple work procedures. <u>At present, his</u>

<u>depression would interfere in his ability to function in a job. The reported auditory hallucinations would interrupt his concentration and attention</u>. The claimant had psychiatric treatment in the past and takes Abilify. <u>He needs to continue treatment in an outpatient mental health clinic</u>. He reports that he has been unable to obtain treatment because he does not have Medi-Cal at present. The claimant's withdrawal would interfere in his interactions with co-workers, supervisors and the public. <u>Once his psychiatric condition has improved, he would benefit from a referral to the Department of Rehabilitation</u>.

(AR 198.)

Dr. Townsend did not complete any formal mental RFC assessment or psychiatric review form, but she clearly opined that Plaintiff could not work until his psychiatric condition improved. The ALJ erred in ignoring this opinion. It does not matter that the issue of disability is reserved to the Commissioner. SSR 96-5p, at *3, after acknowledging that medical opinions are not controlling on the issue of disability, explicitly states that "opinions from any medical source on issues that are reserved to the Commissioner must never be ignored." SSR 96-5p, at *5 also says that "medical opinions on disability and other issues reserved to the Commissioner must never be disregarded."

The ALJ's error obviously was not harmless. <u>Carmichael v. Comm'r Soc. Sec. Adm.</u>, 533 F.3d 1155, 1162 (9th Cir. 2008) (error is harmless where it would not change the outcome of the disability determination). Not only did Dr. Townsend opine that Plaintiff was currently disabled, but consideration of the omitted portions of Dr. Townsend's statement changes the meaning and interpretation of those portions that the ALJ did discuss. For example, Dr. Townsend states that Plaintiff can understand simple and detailed instructions and has the ability to learn simple work procedures but at present his depression would interfere with his ability to function in a job. (AR 198.) She went on to say that Plaintiff needs outpatient mental health treatment and only can work after his psychiatric condition has improved. (AR 198.) Additionally, the ALJ mentions Dr. Townsend's opinion that Plaintiff's "withdrawal would

interfere in his interactions with co-workers, supervisors and the public," but does not discuss that opinion explicitly. The opinions ignored by the ALJ change everything. They plainly could affect the outcome of the disability determination. The ALJ cannot simply disregard these opinions without presenting specific, legitimate reasons for doing so.

The ALJ in effect rejected Dr. Townsend's undiscussed opinions, relying on DDS psychiatric reviewer Dr. M. Salib, who provided a check box mental RFC assessment and psychiatric review technique form indicating that Claimant has mild to moderate limitations in understanding and remembering tasks, sustaining concentration and persistence, socially interacting with the general public, and adapting to workplace changes. (AR 199-214.) The ALJ based his RFC on Dr. Salib's assessment (AR 11, 14), which clearly conflicts with Dr. Townsend's evaluation. Dr. Salib's check box assessment provided no explanation for why his opinions differed from Dr. Townsend's. The ALJ, in turn, could not and did not give any reasons for rejecting Dr. Townsend's opinion or for preferring Dr. Salib's assessment over Dr. Townsend's. This was error.

More fundamentally, the ALJ erred in relying on the opinion of a non-examining physician who never examined the claimant. Dr. Salib's opinions, to the extent they disagree with Dr. Townsend's opinion, are not substantial evidence. The Commissioner's legal authority in support of the ALJ's reliance on Dr. Salib's opinion is not persuasive. Bray v. Comm'r of SSA, 554 F.3d 1219, 1228 n.8 (9th Cir. 2009), was based on "the report of a DDS physician who examined" the claimant and contradicted the opinion of the treating physician. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001), states: "Although the contrary opinion of a non-examining medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion, it may constitute substantial evidence when it is consistent with other independent evidence in the record." Here, the only other medical source statements are Dr. Townsend's and a clinical supervisor's opinion that the ALJ rejected because it was too remote in time. (AR 14.) There is no independent evidence of record that supports Dr. Salib's opinion. That opinion is also undermined because it is almost entirely a check box opinion that fails to explain why his assessment differed from that of Dr. Townsend.

9

Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (check box opinions without any explanation or basis are of questionable evidentiary value). The ALJ, in return, did not explain why he preferred the opinions of Dr. Salib over those of Dr. Townsend.

The ALJ improperly rejected the opinions of Dr. Townsend. The ALJ's RFC is not based on substantial evidence or free of legal error.

### B. The ALJ Improperly Rejected Plaintiff's Credibility

Plaintiff contends that the ALJ improperly discounted his credibility. The Court agrees.

#### 1. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 & n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because it is unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's symptom testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. These findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." Thomas v. Barnhart, 278 F.3d at 958; see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

#### 2. Analysis

The ALJ found that Plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms. (AR 14.) The ALJ, however, also found that Plaintiff's statements concerning the intensity, persistence and limiting effects of these

symptoms are not credible to the extent inconsistent with the ALJ's RFC. (AR 14.) Because there was no finding of malingering[2], the ALJ as required to provide clear and convincing reasons supported by substantial evidence. The ALJ failed to do so.

The ALJ offers only limited conclusory reasons for discounting Plaintiff's credibility. First, the ALJ found that Plaintiff's subjective complaints and alleged limitations are "out of proportion to the objective findings as noted above." (AR 14.) An ALJ may consider a lack of objective medical evidence to corroborate a claimant's subjective symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005); Thomas, 278 F.3d at 959. The ALJ's determination, here, however, is undermined by the ALJ's error in rejecting Dr. Townsend's opinion that Plaintiff is psychiatrically disabled. Additionally, the only factual support the ALJ cites for his conclusion is that "[t]here is no evidence of disuse muscle atrophy that would be compatible with the claimant's alleged level of inactivity." (AR 14.) This comment on Plaintiff's physical impairments has nothing to do with Plaintiff's mental impairments at issue here. Putz v. Astrue, 371 Fed. Appx. 801, 802 (9th Cir. 2010) (rejecting statement about feeling well because it related to her heart condition rather than the chronic fatigue at issue in the case); Samaniego v. Astrue, 2012 WL 254030, at *4 (C.D. Cal. Jan. 27, 2012) (discounting of subjective complaints related to memory and speech limitations is not a clear and convincing reason, by itself, for discounting claimant's unrelated complaints of pain from degenerative disc disease and fibromyalgia). The ALJ's lack of

---

[2] Dr. Townsend observed the Plaintiff's test scores were "diminished by depression rather than intentionally low effort." (AR 197.) Dr. Townsend thus made no finding of malingering; in fact, she made the contrary finding. The ALJ made no reference to Dr. Townsend's observation and no finding of malingering.

Dr. Salib gave a stronger interpretation of Plaintiff's test scores, suggesting malingering. (AR 205, 213.) Dr. Salib's interpretation conflicts with Dr. Townsend's, and does not constitute substantial evidence as the opinion of a non-examining physician.

The Commissioner also suggests malingering, but the ALJ never made a finding of malingering or discussed Dr. Townsend's or Dr. Salib's observations about Plaintiff's test scores. The Court may not consider facts and arguments not discussed in the ALJ decision. Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (Court cannot base its rulings on considerations not addressed in the ALJ decision).

objective medical evidence reason for discounting Plaintiff's credibility is neither clear and convincing nor supported by substantial evidence.

The ALJ's other reason for discounting Plaintiff's credibility is as follows:

> The claimant's subjective complaints and alleged limitations are not consistent with his lack of medical treatment. The claimant has not received any mental health treatment and has not used psychotropic medication since the current application filing date. He claims he has no medical insurance, but there is no evidence that he has attempted to avail himself of treatment through a low cost County facility or other non-profit organizations. There is no evidence of physical therapy or rehabilitation for the gunshot wound. It is reasonable to assume that if the claimant were experiencing the disabling problems alleged, he would have received aggressive, regular, and ongoing treatment.

(AR 14.) Failure to seek treatment is a legitimate reason for discounting a plaintiff's credibility. Orn, 495 F.3d at 638.

There are several problems with the ALJ's finding. His statement that Plaintiff has not received psychotropic medication since the application date is simply not true. Plaintiff testified at the hearing that he was taking Abilify. (AR 28.) The ALJ even cited to this testimony in the decision. (AR 12.)

More fundamentally, SSR 96-7p, at *7-*8 indicates that an ALJ must not draw any inferences about an individual's failure to seek treatment "without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." The Commissioner argues that the ALJ had no duty to inquire or comment further because Plaintiff never offered any explanation for his failure to seek treatment. Yet SSR 96-7p, at *7-*8 refers not just to explanations offered by the Plaintiff but also to "other information in the case record." Here, Plaintiff stated in the record, "I have no money and no place to live." (AR 116.)

Dr. Townsend reported Plaintiff had been unable to obtain treatment because he does not have Medi-Cal at present. (AR 198.)

The ALJ, without making any inquiry of Claimant at the hearing about his lack of treatment, discounts any economic explanation for his failure to seek treatment because there was no evidence he attempted to avail himself of treatment at a County or low cost facility. (AR 14.) This seemingly reasonable explanation is undermined by "other information in the case record" that the ALJ did not consider, including that Plaintiff had borderline intellectual functioning, was in special education in school, suffers from depression and auditory hallucinations and is psychiatrically disabled according to Dr. Townsend, and does not get along well with others. The Ninth Circuit has criticized the use of lack of treatment to reject mental complaints, both because mental illness is notoriously under-reported and because it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation. Regennitter v. Commissioner of Soc. Sec. Adm., 166 F.3d 1294, 1299-1300 (9th Cir. 1999); Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir. 1996).

The ALJ's failure to seek treatment rationale is neither clear and convincing nor supported by substantial evidence. The Court is bolstered in this conclusion by Dr. Townsend's opinion that Plaintiff is psychiatrically disabled, a finding the ALJ failed to consider and implicitly rejected. Dr. Townsend obviously found Petitioner credible.

\* \* \*

The ALJ improperly discounted Dr. Townsend's opinion that Claimant was disabled and improperly discounted Plaintiff's credibility. The ALJ's RFC is not supported by substantial evidence or free of legal error.

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is REVERSED and REMANDED for further proceedings in accordance with this Memorandum Opinion and Order and with law.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 21, 2012

*/s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE